[No. C046360. Third Dist. Feb. 10, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL TODD LONG, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

_____

*Under California Rules of Court, rules 976(b) and 976.1, only the Introduction, the Factual and Procedural Background, part II of the Discussion, and the Disposition are certified for publication.

**COUNSEL**

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.—**

## INTRODUCTION

A jury found defendant Michael Todd Long guilty of inflicting corporal injury on a cohabitant and of committing battery with serious bodily injury on her.

Defendant contends that after he refused to accept the prosecution's original plea offer, the People acted vindictively by amending the complaint to add new charges and increasing the sentence offered. Defendant further asserts both that the court erred and that his counsel rendered ineffective assistance because the court did not instruct the jury that evidence of the character of a witness may be considered in determining witness credibility. Lastly, defendant contends the court erred in refusing to instruct the jury on the People's delay in disclosing evidence. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2002, Amy Clark drove herself to a hospital emergency room.[1] Clark told emergency room physician Donald Snyder that defendant hit her in the face. At the time, Clark and defendant were living together as girlfriend and boyfriend. Doctor Snyder noticed bruising around Clark's left eye. An X-ray showed Clark had a fracture to the bone around that eye. Doctor Snyder diagnosed Clark as a victim of assault.

Marysville Police Officer Matt Minton was dispatched to the hospital to speak with Clark. Clark told Officer Minton that defendant grabbed her hair and punched her in the face during an argument earlier that day.[2] Officer Minton testified that Clark's eye appeared bruised and nearly swollen shut.

The original complaint charged defendant with one count of inflicting corporal injury on Clark.

In August 2003, the deputy district attorney extended defendant a settlement offer of five years' probation and 120 days in a batterer's treatment program in exchange for a guilty plea. Defendant refused the offer. The court set the case for a preliminary examination. The original prosecutor then transferred the case to a new prosecutor for trial preparation.

In September 2003, defendant tried to accept the August settlement offer. The new prosecutor told defendant that offer was no longer available. The prosecutor filed an amended complaint, which added an infliction of great bodily injury enhancement to the charge of inflicting corporal injury on a cohabitant and an additional charge of battery resulting in serious bodily injury. The amended complaint further alleged a prior strike conviction. The prosecutor then extended defendant a new settlement offer of 10 years in prison in exchange for his guilty plea. Defendant did not accept this offer.

At trial, Clark acknowledged that she told Doctor Snyder and Officer Minton that defendant hit her in the face. However, Clark testified that she lied at the hospital and that defendant never hit her that day. Clark said that on December 17, 2002, she argued with defendant because she thought he was sleeping with his ex-wife. Clark testified that she rammed defendant's car with her car and hit her face on the steering wheel in the process. Doctor Snyder, however, testified that Clark's injuries were inconsistent with her striking her face on a steering wheel.

---

[1] Amy Clark married defendant on March 13, 2003, and became Amy Long. She is referred to in the transcripts as Amy Clark, Amy Long, and Amy Clark Long. For clarity, we will refer to her as Clark.

[2] The audiotape of this conversation will be discussed as part of defendant's last argument.

Dr. Baljit Atwal—a psychologist who testified for the defense—diagnosed Clark as having borderline personality disorder. The doctor said that a person with this disorder is capable of fabricating information during stressful times. Particular to Clark, the doctor testified that in situations where she thinks she is going to be abandoned or the relationship is ending, she is more likely to have impaired capacity to perceive the facts. Dr. Atwal believed Clark most likely exhibited symptoms of her disorder on December 17 because the conditions were such for her to be emotionally distressed.

At the close of testimony, the court discussed CALJIC No. 2.20 with counsel. CALJIC No. 2.20 provides a nonexclusive list of factors the jury may consider in determining the believability of a witness. The prosecutor asked the court to omit an optional sentence in the instruction, which provides that the jury may consider the character of the witness for honesty and truthfulness or their opposites in determining the witness's believability. Defendant argued that evidence of Clark's character was brought in through Dr. Atwal's testimony and that Clark's lack of credibility was important to the defense. The court struck the sentence from the instruction on the basis that this part of the instruction was not intended for the type of testimony the doctor gave. On defendant's request for reconsideration, the court confirmed the ruling.

The jury convicted defendant on both counts. Following the verdict, the court found defendant's prior strike conviction to be true.

The court then heard defendant's motion to strike his prior conviction. As part of the motion, defendant argued the proposed 15-year sentence was cruel and unusual. He claimed the initial plea offer of probation and 120 days in a batterer's treatment program showed the prosecution's position on what this case was worth in terms of sentencing. Defendant contended that the prosecution raised its settlement offer to 10 years because defendant asserted his right to have a preliminary examination. Defendant argued that the prosecutor had all the information about the crime and defendant's history before the first settlement offer. Thus, he argued, the prosecutor acted vindictively when she added more charges and increased the prison term offer.

The prosecutor acknowledged there had been no change in the case information between the first and second settlement offers except for her appointment as the new prosecutor when the case was set for preliminary examination. She argued, however, that the first offer should not have been made. When she reviewed the extent of Clark's injuries and defendant's criminal history, she filed the additional charges and changed the settlement offer.

The court denied defendant's motion to strike the prior conviction. The court agreed the initial probation offer was not appropriate and rejected defendant's argument that the amended complaint was punishment for exercising his right to a hearing.

The court sentenced defendant to the middle term of three years in state prison on the conviction for inflicting corporal injury on a cohabitant, doubled for his prior strike. The court also imposed a four-year consecutive term for the great bodily injury enhancement on that conviction and an additional five-year consecutive term for his prior conviction. The court imposed a middle term of three years, doubled to six, on the battery conviction and stayed that term, for a total term of 15 years.

## DISCUSSION

### I[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

*The Jury Was Properly Instructed on Witness Credibility*

#### A

*The Court Did Not Err in Refusing to Give the Character Instruction for Witness Credibility*

Defendant claims prejudicial error because the trial court refused to include within CALJIC No. 2.20 an instruction that the jury could consider "[t]he character of the witness for honesty or truthfulness or their opposites" in judging the believability of a witness.[4] Defendant claimed that Dr. Atwal's

---

[*]See footnote, *ante*, page 865.

[4] CALJIC No. 2.20 provides: "Every person who testifies under oath [or affirmation] is a witness. You are the sole judges of the believability of a witness and the weight to be given the testimony of each witness. [¶] In determining the believability of a witness you may consider anything that has a tendency reasonably to prove or disprove the truthfulness of the testimony of the witness, including but not limited to any of the following: [¶] The extent of the opportunity or ability of the witness to see or hear or otherwise become aware of any matter about which the witness testified; [¶] The ability of the witness to remember or to communicate any matter about which the witness has testified; [¶] The character and quality of that testimony; [¶] The demeanor and manner of the witness while testifying; [¶] The existence or nonexistence of a bias, interest, or other motive; [¶] The existence or nonexistence of any fact testified to by the witness; [¶] The attitude of the witness toward this action or toward the

testimony about Clark's mental disorder was evidence of her character for untruthfulness. The court struck the sentence stating that the proffered evidence "is not the type of evidence that this instruction is intended for." We agree.

■ Character evidence is "evidence regarding someone's general personality traits; evidence of a person's moral standing in a community based on reputation or opinion." (Black's Law Dict. (7th ed. 1999) p. 576, col. 2.) An expert's opinion regarding a mental disorder, on the other hand, is admitted only to inform the jury of the effect a certain medical condition may have on the witness. (*People v. Russel* (1968) 69 Cal.2d 187, 196 [70 Cal.Rptr. 210, 443 P.2d 794].) The expert is not allowed to give an opinion on whether a witness is telling the truth because the determination of credibility is not a subject sufficiently beyond common experience that the expert's opinion would assist the trier of fact. (*People v. Cole* (1956) 47 Cal.2d 99, 103 [301 P.2d 854]; Evid. Code, § 801, subd. (a).)

Here, most of Dr. Atwal's testimony abstractly described the symptoms a person with borderline personality disorder might suffer under certain circumstances. Those symptoms included being capable of fabricating information during stressful times. This testimony is merely explanatory and aided the jury in understanding the disorder. (*People v. Russel, supra,* 69 Cal.2d at p. 196.) Moreover, being *capable* of fabricating information is not exclusive to persons with this disorder. This was not evidence of Clark's character.

Dr. Atwal also testified that Clark is likely to have an impaired or faulty capacity to perceive the facts in a situation when she perceives she is going to be abandoned or the relationship is ending. Additionally, it was the doctor's opinion that in the past Clark had experienced a distorted sense of reality such that she may have thought she was telling the truth but was not. The doctor could not say if Clark was exhibiting these symptoms at the hospital; however, he opined that the conditions were correct for her to be emotionally distressed.

This testimony speaks to Clark's capacity and her perception of reality, not her character for untruthfulness. (See *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 83 [17 Cal.Rptr.3d 710, 96 P.3d 30] [cautioning that evidence of battered woman syndrome could be considered only for the limited purpose

---

giving of testimony[.] [;] [¶] [A statement [previously] made by the witness that is [consistent] [or] [inconsistent] with [his] [her] testimony][.] [;] [¶] *[The character of the witness for honesty or truthfulness or their opposites][;]* [¶] [An admission by the witness of untruthfulness][;] [¶] *[The witness' prior conviction of a felony][;]* [¶] *[Past criminal conduct of a witness amounting to a misdemeanor][;]* [¶] *[Whether the witness is testifying under a grant of immunity].*" (Italics added.) The court omitted the italicized paragraphs.

of showing defendant's mental state].) The jury was properly instructed on that issue when the court advised them they should consider the witness's ability to see or hear or otherwise become aware of the matter about which the witness testified.

██ In sum, Dr. Atwal provided no testimony of Clark's character for untruthfulness. Accordingly, there was no error in omitting the instruction. ██ The omission of an inappropriate instruction does not violate a defendant's rights to due process and to present a defense. (*People v. Brown* (2003) 31 Cal.4th 518, 563–564 [3 Cal.Rptr.3d 145, 73 P.3d 1137].)

B

*Trial Counsel Was Not Ineffective*

Defendant further claims his trial counsel was ineffective in failing to request CALJIC No. 2.24 based on Dr. Atwal's testimony. This claim fails.

██ To prevail on a claim of ineffective assistance of counsel, defendant must establish his attorney's representation fell below professional standards of reasonableness and must affirmatively establish prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693, 104 S.Ct. 2052]; *People v. Hart* (1999) 20 Cal.4th 546, 623–624 [85 Cal.Rptr.2d 132, 976 P.2d 683].)

██ CALJIC No. 2.24 provides: "Evidence of the character of a witness for honesty or truthfulness may be considered in determining [his] [her] believability." This instruction is nearly identical to the sentence in CALJIC No. 2.20 the trial court omitted as inappropriate. Trial counsel was not incompetent for failing to request an inappropriate instruction. (*People v. Ervin* (2000) 22 Cal.4th 48, 89–91 [91 Cal.Rptr.2d 623, 990 P.2d 506].)[5]

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[5] Further, the record is clear that counsel vigorously argued for the inclusion of this sentence in CALJIC No. 2.20. The court rejected the argument twice. Counsel is not required to engage in futile arguments before the court. (*People v. Osband* (1996) 13 Cal.4th 622, 678 [55 Cal.Rptr.2d 26, 919 P.2d 640].)

*See footnote, *ante*, page 865.

## DISPOSITION

The judgment is affirmed.

Davis, Acting P. J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 8, 2005.